UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:10-CV-00198-R

CAROLINA CASUALTY INSURANCE                     Plaintiff
COMPANY

v.

STEVEN H. KEENEY and                                           Defendants
BRENDA C. OSBORNE

**MEMORANDUM OPINION AND ORDER**

Defendant, Brenda C. Osborne, moves the Court to dismiss the action against her on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Docket No. 66.) Plaintiff, Carolina Casualty Insurance Company, has responded. (Docket No. 69.) Defendant Osborne has replied. (Docket No. 70.) This matter is now ripe for adjudication. For the reasons that follow, this motion is **DENIED.**

BACKGROUND

A judgment was entered against Steven Keeney in a lawsuit filed by Brenda Osborne in Jefferson Circuit Court in Jefferson County, Kentucky, on claims of legal malpractice, breach of contract, and fraud. The Kentucky Court of Appeals later reduced the amount of this judgment and review was sought in the Kentucky Supreme Court. Before review by the Kentucky Supreme Court, Plaintiff sought a declaratory judgment from this Court on its obligations under the terms of its policy to indemnify Keeney for fraud, punitive damages, or damages for legal fees. Plaintiff argued that the policy itself did not provide for this type of coverage.

After the filing of Plaintiff's declaratory judgment action, Defendant Osborne filed a motion to dismiss, asking the Court to deny declaratory relief on the basis of a lack of a sufficient justiciable controversy. (Docket No. 8.) The Court denied that motion and decided to exercise jurisdiction over Plaintiff's declaratory judgment action. (Docket No. 18.) The Court found three of the five relevant factors were in favor of exercising jurisdiction, while the other two were neutral.[1]

Subsequently, the Kentucky Supreme Court vacated Brenda Osborne's judgment against Steven Keeney and remanded that action to Jefferson Circuit Court for a new trial. Based on this, Defendant Osborne again argues there is not a sufficient justiciable controversy to warrant jurisdiction of this Court and requests dismissal. Plaintiff disagrees, arguing the Court should deny Osborne's motion and continue to exercise jurisdiction for the same reasons that it denied Osborne's previous motion to dismiss. (Docket No. 18.)

In the alternative, Plaintiff contends that if this Court were to grant Osborne's motion it must also dismiss Keeney's Counterclaim for bad faith in the denial of coverage on the part of Plaintiff. Plaintiff's defense to that counterclaim is essentially the same as the declaratory judgment requested: the denial was proper because the policy did not provide for this type of coverage. Finally, Plaintiff contends that, if this Court were to grant Osborne's motion, the dismissal cannot be with merits.

---

[1] The five factors considered in determining whether the exercise of jurisdiction is proper are: (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective. *Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984).

STANDARD

The Declaratory Judgment Act ("Act") states that "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration. . . . Any such declaration shall have the force and effect of a final judgment . . . and shall be reviewable as such." 28 U.S.C. §2201(a). The Act is an enabling act, which extends the jurisdiction of the Court beyond the jurisdictional basis initially required. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). While this Act authorizes district courts to exercise jurisdiction, it does not mandate or impose a duty to do so. *Bituminous Cas. Corp. v. J & L Lumber Co., Inc.*, 373 F.3d 807, 812 (6th Cir.2004); *Allstate Ins. Co. v. Mercier*, 913 F.2d 273, 276 (6th Cir. 1990), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). The Act confers on the "federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton*, 515 U.S. at 286. A district court may not decline jurisdiction, however, as a matter of whim or personal disinclination. *Mercier*, 913 F.2d at 277.

In determining whether the exercise of jurisdiction is proper, the Court must consider five factors:

> (1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R. R. Co. v. Consol. Rail Co.*, 746 F.2d 323, 326 (6th Cir. 1984). In the determination of factor number four, three additional factors are considered:

> (1) whether the underlying factual issues are important to an informed resolution of the case; (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (3) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common law or statutory law dictates a resolution of the declaratory judgment action.

*Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

## DISCUSSION

In order to determine whether the Court should decline to exercise jurisdiction, the Court must look at the five factors set out above. Having already done this once, resulting in a denial of the Osborne's motion to dismiss, (Docket No. 18), the Court will only consider the impact of the Kentucky Supreme Court vacating the judgment and remanding the case for a new trial. The Court will not revisit any of its former holdings to the extent they are unaffected by the remanding of the case for a new trial. Other than the final factor, the remand by the Kentucky Supreme Court does not affect the analysis. Therefore, all the other factors are only discussed briefly. For a more detailed analysis of these factors, see the Court's Memorandum Opinion and Order at Docket No. 18.

### I. Settlement of the Controversy

As in the prior opinion, (Docket No. 18), the declaratory judgment action will settle the currently pled controversy between the parties. Plaintiff is still not a defendant in the state court action, and the insurance policy is not at issue in that case. The Defendants' claims for waiver, estoppel, and laches are not issues presently before the state court, and Defendants are not barred from bringing those claims in this action. As before (when the review by the Kentucky Supreme Court was pending), the fact that the state court action remains unresolved has little or no bearing on this action. Because the issue before the Court is a question of law, the outcome of the state

court lawsuit does not affect the Court's decision. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Creech*, 431 F. Supp. 2d 710, 713 (E.D. Ky. 2006). Therefore, this factor still weighs in favor of the Court exercising jurisdiction over the declaratory action.

**II.     Clarification of the Legal Relations at Issue**

The declaratory judgment of the Court will clarify the legal relationship of the parties to this action. It will resolve, once and finally, the issue of coverage. It will not affect the state court's ability to determine Keeney's liability or the amount of damages which Osborne is entitled in the tort claim against Kenney. Therefore, this factor still weighs in favor of exercising jurisdiction because it would clarify the legal relations at issue.

**III.    Race for Res Judicata**

This factor is meant to prevent declaratory plaintiffs from preemptively filing their coercive suits before a "natural plaintiff" for the purpose of acquiring a favorable forum. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 558 (6th Cir. 2008). The Court is "reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *Id.* As was the case the last time Osborne brought this motion, there are currently no pending claims against Plaintiff in state court. Even if there was, this Court has held that a "plaintiff has a right to preempt an issue which the state court may eventually hear, especially when the state court litigation has been ongoing for years." *Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 728 (W.D. Ky. 2009) (citing *Flowers*, 513 F.3d at 558).

Under these particular circumstances, Plaintiff has an even stronger argument against the notion that it is participating in a "race for res judicata" because the state court litigation has been ongoing for even longer now. Since there is no evidence of a race for res judicata, then this

factor is neutral, and does not weigh in favor of or against jurisdiction. *See, e.g., Travelers Indemnity Co. v. Bowling Green Professional Associates, PLC*, 495 F.3d 266, 272 (6th Cir. 2007).

**IV.	Increased Friction between Federal and State Courts**

In considering this factor the court must look at three considerations: (1) whether the state court's resolution of factual issues is necessary to the district court's resolution of the declaratory judgment; (2) which court (federal or state) is in a better position to resolve the issues in the declaratory action; and (3) whether the issue in the federal action implicates important state policies and therefore would be more appropriate for the state court to address. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 560 (6th Cir. 2008).

   a. Resolution of the Factual Issues

The district court's resolution of the declaratory judgment action is possible without resolution of factual issues at the state court level. The Court will only be required to interpret provisions of the insurance policy. Therefore, this consideration weighs in favor of exercising jurisdiction.

   b. Which Court is in a Better Position to Resolve the Issues in the Declaratory Judgment Action

Generally, state courts are in a better position to decide novel questions of state law. It is not required, however, that every time there is an undetermined question of law the federal court must decline jurisdiction. *Flowers*, at 560. If the issues in the district court action are not before the state court and state law is clear, this consideration is given less weight. *Id.* "In particular, when an insurance company '[is] not a party to the state court action, and neither the scope of insurance coverage nor the obligation to defend [is] before the state court . . . a decision by the

6

district court on these issues would not offend principles of comity.'" *Id.* (quoting *Northland*, 327 F.3d at 454).

This case does not involve any novel questions of state law. In addition, Plaintiff currently is not a party to the state court action, the scope of insurance coverage is not directly at issue before the state court, and the findings of the state court will not play a role in determining that scope. Weighing these factors, the Court finds that this consideration is neutral to slightly against exercising jurisdiction.

          c. Implication of Important State Policies and State Court's Ability to Address

This case doesn't involve important state policies. However, Kentucky state courts are in a better position to resolve the insurance policy interpretation in this case, even in the face of clearly established law on the issue. *See Flowers*, 513 F.3d at 561. Therefore, this consideration weighs slightly against exercising jurisdiction. As in the Court's prior opinion, (Docket No. 18), balancing all three considerations, the Court finds that the fourth factor is neutral.

## V. Availability of Alternative Remedy

The final factor the district court must consider is whether there is an alternative remedy available to the plaintiff that is better or more effective. The Sixth Circuit has stated "[a] district court should 'deny declaratory relief if an alternative remedy is better or more effective.'" *Flowers*, 513 F.3d at 562. One possible alternative remedy is a federal declaratory plaintiff seeking a declaratory judgment in state court. Ky. Rev. Stat. Ann. §418.040. Another possible remedy is an action for indemnity at the conclusion of the underlying action. There is a split in precedent "whether the possibility of seeking a declaratory judgment or indemnity action in state court counsels against the district court exercising jurisdiction." *Flowers*, 513 F.3d at 562. The

7

Sixth Circuit holds that "rather than applying a general rule, our inquiry on this factor must be fact specific, involving consideration of the whole package of options available to the federal declaratory plaintiff." *Id.*

Plaintiff has the alternative remedies of filing a declaratory judgment action in state court or intervening in the now remanded state court action. These alternative remedies would be preferred since the Kentucky courts are in a superior position to resolve an insurance policy issue. *See Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 731 (W.D. Ky. 2009). Additionally, these two actions could be combined so they are determined by the same judge. *Id.* However, since the law is relatively clear as to this issue, the federal district court is not a wholly inferior forum. *Id.* Taken as a whole, in light of the remedies available to Plaintiff, the Court finds the final factor counsels against exercising jurisdiction. However, as discussed below, this factor does not advise so strongly against jurisdiction as to nullify the effect of the other factors in exercising jurisdiction.

## VI. Balancing of the Factors

The Sixth Circuit has not yet indicated how these factors are to be balanced. *Flowers*, 513 F.3d at 563. "[D]istrict courts must rely on the 'unique and substantial' discretion granted to them by the Declaratory Judgment Act." *Grange Mutual*, 565 F. Supp. 2d 779, 791 (E.D. Ky. 2008) (quoting *Flowers*, at 563). The Court notes that the Sixth Circuit found that a district court had not abused its discretion in exercising jurisdiction when the fifth factor weighed against jurisdiction, but the first three factors weighed in favor of exercising jurisdiction. *Flowers*, 513 F.3d at 562-63. This Court has exercised jurisdiction when only two of the factors clearly were in favor of exercising jurisdiction, one was slightly in favor of exercising jurisdiction, and one

was slightly against exercising jurisdiction.[2] *Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 731 (W.D. Ky. 2009).

In this case, three of the five factors weigh in favor of this Court exercising jurisdiction, one weighs against exercising jurisdiction, and one is neutral. The final factor does not advise so strongly against jurisdiction as to nullify the effect of the other factors in exercising jurisdiction. Therefore, this Court will exercise jurisdiction and this matter will not be dismissed.

CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant Brenda C. Osborne's motion for judgment on the pleadings, (Docket No. 66), is **DENIED**.

---

[2] "Applying the factors as set forth by the Sixth Circuit in *Flowers,* this Court finds that two of the factors clearly counsel in favor of exercising jurisdiction while only one is clearly against the exercising of jurisdiction. Of the remaining factors, the first factor, concerning settlement of the controversy, is primarily in favor of the exercising of jurisdiction; however it is less clear than the other factors based on Gray Company's argument concerning the determination of the factual issue. The fourth factor, concerning which court is in a better position to handle the issue, likely favors the Court declining jurisdiction taking at true Gray Company's argument regarding the factual issue. However, looking at the factors as a whole, the Court finds that exercising jurisdiction is proper." *Secura Ins. Co. v. Gray Const., Inc.*, 661 F. Supp. 2d 721, 731 (W.D. Ky. 2009)